### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LISA DAVIS,** | **:** | |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil Action No. 05-580 GMS** |
| | **:** | |
| **MCCULLOUGH & MCKENTY, P.A.,** | **:** | |
| **and DANIEL L. MCKENTY,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

### JOINT STATUS REPORT

COME NOW the parties to this action and hereby submit their Joint Status Report pursuant to *Federal Rule of Civil Procedure* 26(f) and this Court's Notice of Scheduling Conference.

**1.** **Jurisdiction and Venue**

    a.    Does the court have subject matter jurisdiction?

        Yes, under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq.

    b.    Are all parties subject to the court's jurisdiction?

        Yes.

    c.    Do any remain to be served?

        No.

**2.** **Substance of the Action**

    a.    Factual and Legal Bases for Plaintiffs' Claims:

The debt sought to be collected is a consumer debt as defined by 15
U.S.C. Section 1692 a.  Defendants, McCullough & McKenty and Daniel
L. McKenty, are engaged in the business of collecting debts in this state.
A significant part of Defendants' business is the collection of debts using
the mail and telephone, and Defendants regularly attempt to collect debts
alleged to be due another.  Defendants sent Plaintiff various letters for the
purpose of collecting a debt allegedly owed by Plaintiff.  In August of
2004, Defendants filed a debt action against Plaintiff on behalf of Capital
One Bank in the Court of Common Pleas for New Castle County.  The
address listed in the complaint for Plaintiff is in Bridgeville, Sussex
County, Delaware.  At all times relevant hereto, Plaintiff resided in Sussex
County.  Defendants violated the Fair Debt Collection Practices Act.  The
violations include: the violation of 15 U.S.C. Section 1692i in that the
Defendants filed a collection suit against Plaintiff in a county other than
the one in which she resides and the violation of 15 U.S.C. Section
1692e(10) in that the Defendants used false, deceptive, or misleading
means in connection with the collection of the alleged debt.

b.    Factual and Legal Bases for Defendants' Defenses:
The filing of the Complaint against Lisa Davis in New Castle County was
a bona fide error pursuant to 15 U.S.C. § 1692(k).  Defendant McCullough
& McKenty, P.A., a law firm, and defendant Daniel L. McKenty, Esquire,
maintain office procedures, including attorney review of collection files

and complaints, that are reasonably adapted to avoid such error.

When the inadvertent error was brought to the attention of defendants McCullough & McKenty, P.A. and Daniel L. McKenty, Esquire, through an October 6, 2004 letter from plaintiff's attorney, Ms. Flood, defendant Daniel L. McKenty immediately recognized the error and filed a Notice of Dismissal on November 24, 2004. A revised complaint against plaintiff Lisa Davis was never re-filed.

Plaintiff alleges that the Defendants used false, deceptive, or misleading means in connection with the collection of the alleged debt. However, pursuant to F.R.C.P. 9(b), fraud must be pled with particularity and plaintiff has not stated at all how defendants used false, deceptive or misleading means to collect a debt.

**3.** **Identification of Issues Genuinely in Dispute**

a.    Factual Issues:

1.) It is the Plaintiff's position that the factual issues involved in this case may include those listed by Defendants and the issue of damages.

2.) It is the Defendants' position that there are no factual issues in dispute. Defendants filed suit in the wrong county and when presented with the error, they withdrew the complaint.

Other issues may exist, but discovery is necessary in order to determine such

issues.

    b.    <u>Legal Issues</u>:

1.) It is Plaintiff's position that the legal issues in this case may include those

listed by Defendants and the issue of statutory damages.

2.) It is Defendants' position that this is a bona fide error.

Other issues may exist, but discovery is necessary in order to determine such

issues.

**4.    Narrowing of Issues**

    a.    <u>Can the issues in litigation be narrowed by agreement or by motions</u>?

No.

    b.    <u>Are there dispositive issues appropriate for decision on motion</u>?

If appropriate, after discovery, Plaintiff may file a motion for summary

judgment against Defendants.

**5.    Relief Sought**

Plaintiff seeks statutory damages for violations of the Fair Debt Collection Practices Act,

actual damages, costs, and post judgment interest.

6.    **Amendment of Pleadings?**

None anticipated at this time.

7.    **Joinder of Parties?**

None anticipated at this time.

8.    **Proposed Discovery Plan**

    a.    Exchange of *Fed. R. Civ. P.* 26(a) Initial Disclosures:

    February 8, 2006.

    b.    Plaintiffs' Rule 26(a)(2) Expert Disclosures Due:

    30 days from the date of Scheduling Order (all further dates will be from the date

    of Scheduling Order).

    c.    Defendant's Rule 26(a)(2) Expert Disclosures Due:

    60 days.

    d.    Discovery Completion Deadline:

    120 days.

    e.    Service of Requests for Admissions Deadline:

    150 days.

    f.    Filing of Dispositive Pre-trial Motions Deadline:

    210 days.

    g.    Pre-trial Status Conference Date:

    To be established by the Court.

9.    **Estimated Trial Length**

1 day.

a.    Bifurcation of issues:

None anticipated at this time.

b.    Reduction of trial length by expedited means of presenting evidence:

Counsel plans to exchange and premark exhibits and to stipulate to certain facts at a later

date..

**10.    Jury Trial?**

Yes.

**11.    Settlement Discussions**

a.    Date(s) of Settlement Discussions:

Counsel for Plaintiff wrote to Defendant, Daniel L. McKenty, before filing the

complaint.  Settlement was discussed during a teleconference held between

counsel in preparation for this Joint Status Report.

b.    Appropriateness of referral for mediation or ADR:

Plaintiff is amenable to this.

**12.    Other Matters?**

None at this time.

**13.    Rule 26(f) Meet and Confer Conference Call**

a.    Date and Time of Meeting:    January 17, 2006 at 4:25 p.m.

b.    Persons in Attendance at Meeting:

For Plaintiffs:        Susan E. Flood, Esquire

For Defendants:      Dana M. Spring, Esquire

c.    The above-named counsel, hereby state that they met and conferred on the above

date and time and that each of the foregoing topics was discussed.

**Respectfully submitted,**

Dated: **1/19/2006**                    **/s/ Susan E. Flood**

Susan E. Flood

Legal Services Corporation of Delaware, Inc.

100 West 10th Street, Suite 203

Wilmington, DE 19801

Dated: **1/19/2006**                    /s/ Dana M. Spring

Dana M. Spring, Del. Bar No. 4605

1225 North King Street, Suite 1100

P.O. Box 397

Wilmington, DE 19899-0397

Attorney for Defendants