H:\FILES\DAN\DAVIS V. MCCMCK\Ans. to Igs

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-580-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| MCCULLOUGH & MCKENTY, P.A., | ) | TRIAL BY JURY OF TWELVE |
| and Daniel L. McKenty | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiff requests that you produce documents as required under Rule 34 of the Federal Rules of Civil Procedure, and answer under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories:

### INSTRUCTIONS AND DEFINITIONS

A.  Answers to the Interrogatories must be furnished within forty-five days of the service of the Summons and Complaint or within thirty days of the service of these Interrogatories, whichever is later.

B.  Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is a failure to answer.

C.  If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D.  Each Interrogatory is considered continuing, and if you obtain information which renders it answers or one of them, incomplete or inaccurate, you are obligated to serve amended answers on the undersigned.

E.  If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

1.  As used in these Interrogatories, the following terms have the following meanings.

2.  "Person" includes any individual, corporation, partnership, group, association, governmental entity or any other organization.

3.  "Document" means any written, printed, typed or other graphic or photographic matter of any nature, and any audio or video recordings in your possession, custody, or control, or known by you to exist or to have existed. As to any material in digital format, specification or identification of such material must include the "platform" on which it was created, the software used to create it, and the media upon which it is stored. All copies of documents containing any alterations, annotations, or that differ in any other way from the originals or copies referred to in the preceding sentence, are deemed separate documents from the originals or copies.

4.  "Communicate" or "Communication" means every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery or otherwise.

5.  "Identify," used in reference to an individual person, means to state:
    (a) the person's full name and present or last known address and (b) the person's present or last known business position and business affiliation.  Identify, used in reference to any other person, means to state the person's full name and present or last known address, and the type of entity.

6.  "Identify," used in reference to a document, means to state: (a) the date, (b) author or addressor, (c) addressee and recipients of all copies, (d) type of document, and (e) its present location or custodian.  Instead of identification of a document, you may furnish the documents for inspection and copying at the time you serve answers to these interrogatories.

7.  "Identify," used in reference to a communication, means to state: (a) its date, (b) the place where it occurred, (c) the type of communication, (d) its substance, (e) the identity of the person who made it, (f) the identity of the person who received it and all other persons present.

## INTERROGATORY QUESTIONS

1.      Identify the person or persons answering these interrogatories and each person who provided information, or who assisted in any way in furnishing all or part of the answers to these interrogatories.  If such persons provided information or assisted with regard to less than all of the answers to these interrogatories, identify the particular answers for which each such person provided information or assistance.

**ANSWER:  Daniel L. McKenty.**

2.  Identify each person whom you may call as a witness at trial, including any possible expert witness(es), and as to each person, describe in detail the subject matter on which such person is expected to testify, including any documents that such person will testify about, and a summary of the person's expected testimony.

**ANSWER: Daniel L. McKenty, Justina K. Bayless, Bruce W. McCullough. See 26(a) Disclosures**.

3.  Identify and list each document from which you obtained information used in answering these interrogatories or on which your will rely in support of the Answer filed in this matter, and for each such document, set forth a description sufficient for a subpoena duces tecum.

**ANSWER: None other than the litigation file in Capital One v. Lisa Davis.**

4.  Fully identify all documentary and other physical evidence you intend to introduce at trial in this matter.

**ANSWER: See answer to interrogatory number 3. Additionally, defendant reserves the right to name additional documents and other physical evidence as discovery progresses.**

5. Identify each training manual or material used by McCullough & McKenty to train employees, agents or other representatives in the procedures and techniques to be used in the process of attempting to collect a consumer debt.

**ANSWER: The Fair Debt Practices Act.**

6. Identify all manuals or tabulations of procedure which set forth collection practices and procedures to be used by employees, agents or other representatives of McCullough & McKenty in the attempt to collect a consumer debt. If any such manual or tabulation of procedure has been changed in the previous two years, specify the date of each such change, the person responsible for making the change, the title of such person, the reason for the change, and the sum and substance of the change.

**ANSWER: None other than those in interrogatory number 5.**

7. Has McCullough & McKenty sent any employee, agent, or representative to any training session or meeting of a professional association regarding debt collection practices or procedures in the past two years? If so, identify each such person, and specify the date, location and title or purpose of each training session or meeting involved.

**ANSWER: Various attorneys have attended CLEs regarding debt collection. It is unknown whether any attorneys have attended such a CLE in the last two years.**

8. Identify each record, memorandum, folder, computer file, account record, or other document which relates to any aspect of the effort by McCullough & McKenty to collect the consumer debt(s) allegedly owed by Plaintiff.

**ANSWER: See produced documents.**

9. Identify each employee, agent or representative of McCullough & McKenty who had any contact, whether in person, by mail, phone, e-mail, or otherwise, with Plaintiff which in any way related to an attempt to collect the consumer debt which is the subject of this lawsuit. As to each such person, specify the date, time and manner of each contact, and identify each document, record or memorandum created which relates to or reflects any aspect of the contact. Specify the job title of each person identified in this answer, and identify his or her immediate supervisor.

**ANSWER: None other than Daniel L. McKenty. See produced documents.**

10. Identify each communication or contact between the principal creditor and you pertaining to the alleged debt(s) sought to be collected from Plaintiff.

**ANSWER: The defendant does not believe there was specific communication with the principle creditor regarding Lisa Davis or any suit regarding Lisa Davis. By way of further answer, see produced documents.**

11. Identify the person or persons who drafted the complaint in question (filed against Lisa Davis in August 2004) and any owners, employees, representatives, or agents of Defendants who reviewed and/ or revised the complaint prior to it being filed.

**ANSWER: Daniel L. McKenty and Justina K. Bayless.**

12. Specify the procedure(s) used when filing and transmitting pleadings to the process server for service upon a defendant.

**ANSWER: See Court of Common Pleas rules regarding service. The case was filed and a copy of summons and the Complaint were given to O'Rourke & Associates.**

13. Identify each communication, whether oral or written, between Defendants and Defendants' process server, whether an individual or business entity, pertaining to the complaint in question (filed in August 2004 against Lisa Davis), including notes, invoices, bills, letters, pleadings, or other communications.

**ANSWER: See produced documents.**

14. Did Defendants receive written notification that Plaintiff wished the debt collector to cease further communication, that Plaintiff was requesting verification, and that Plaintiff was represented by an attorney? If "yes," specify the date(s) such notice or notices was/ were

received by you, and identify the person or persons who received it/ them.

    **ANSWER: See produced documents.**

15.    Other than the present lawsuit, have any complaints, whether via lawsuit or request for investigation to third parties (including, but not limited to governmental agencies, the Better Business Bureau, the media, or consumer watchdog agencies), contended that Defendants, or any employee, agent or representative of Defendants violated the Fair Debt Collection Practices Act or any of its provisions? If "yes," specify the date of filing of each such lawsuit or complaint, identify the person who filed it, and specify its current status. As to each such lawsuit or complaint, specify the agent, employee or representative of Defendants who was alleged to have violated the FDCPA.

    **ANSWER: No.**

16.    List each phone call to Plaintiff made by Defendants or on behalf of Defendants. As to each phone call, identify the person who made it, specify the day and time it was made, summarize its content and duration, and identify each record which reflects or relates to any aspect of the call.

    **ANSWER: It is not believed that defendants made any phone calls to the plaintiff.**

17.    Do you contend that a bona fide error was made by Defendants in the application of normal procedures which, if properly followed, would have complied with the requirements of the law? If the answer is "yes":

> A)  Specify the precise procedure which should have been followed;
> B)  Specify the company rule or procedure that specifically sets forth the procedure described in A), and identify each document which sets forth or impacts on said rule or procedure;
> C)  Describe the actual procedure which was followed;
> D)  Identify each person who participated in the procedure described in C)
> E)  Specify how and when the error was identified;
> F)  Identify each person responsible for discovering the error, and specify the role of each in said discovery;
> G)  Specify each step taken to correct the error;
> H)  Identify each person responsible for correcting the error, and specify the role of each in said correction;

**ANSWER:  Yes.  Plaintiff should have been sued in the county in which she resided.**

18.    Specify all other instances where an error similar to that made in the present case was made by any owner, employee, representative or agent of Defendants.  As to each such instance, specify the date it occurred, the date it was discovered, who committed the error, who corrected the error, and whether third party review of any sort, a claim for damages or litigation ensued therefrom.

**ANSWER:  None known to defendants.**

                                            **McCULLOUGH & McKENTY, P.A.**

                                            /s/ Dana Spring Monzo
                                            Dana Spring Monzo
                                            Daniel L. McKenty
                                            1225 N. King Street, Suite 1100
                                            P.O. Box 397
                                            Wilmington, DE 19899-0397
                                            (302) 655-6749
                                            Attorneys for Defendant

Dated:  May 26, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-580-GMS |
| | ) | |
| MCCULLOUGH & MCKENTY, P.A., | ) | TRIAL BY JURY OF TWELVE |
| and Daniel L. McKenty | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |

**NOTICE OF SERVICE**

I certify that, on this date, a copy of the ***Defendants' Answers to Plaintiff's Interrogatories***

was served, electronically, on the following individual:

Susan E. Flood, Esquire
Legal Services Corporation of Delaware
100 West 10th Street, Suite 203
Wilmington, DE  19801


/s/ Dana Spring Monzo
Dana Spring Monzo

May 26, 2006